1
2
3
4
5
6
7
8
9               **UNITED STATES DISTRICT COURT**
10                       **DISTRICT OF NEVADA**
11
12   UNITEDHEALTH GROUP, INC.,                    )
                                                  )
13                          Plaintiff,            )     Case No. 2:14-cv-00224-RCJ-NJK
                                                  )
14   vs.                                          )     ORDER
                                                  )
15   UNITED HEALTHCARE, INC., et al,              )
                                                  )
16                                                )
                            Defendants.           )
17   _____      )

18          This matter is before the Court on Plaintiff's Motion for Alternative Service.  Docket No. 17.

19   Plaintiff seeks an order from the Court, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure,

20   permitting Plaintiff to effect service of process on Defendants United Healthcare J.S.C. ("JSC"), United

21   Healthcare Factory ("Factory"), and Xuan Vy Co., Ltd. ("Xuan Vy") (collectively, the "Vietnam

22   Defendants")[1] via electronic mail and first-class, United States mail.  *Id.*, at 1-3.

23   **I.      BACKGROUND**

24          Plaintiff filed its Complaint in this Court on February 11, 2014, alleging, *inter alia*, trademark

25   infringement, unfair competition, trademark dilution, and claims arising under the Lanham Act, 15 U.S.C.

26

27          ─────────────────
                   [1]

28          Defendant JSC is a Vietnamese joint stock company.  Docket No. 1, at 3.  Defendant Factory is a
     Vietnamese one-member limited company.  *Id.*  Defendant Xuan Vy is a Vietnamese company.  *Id.*
     Each of the Vietnam Defendants' principal place of business is in Ho Chi Minh City, Vietnam.  *Id.*

§ 1051 *et seq.*, based on Defendants' purported use in commerce of Plaintiff's UNITEDHEALTHCARE and UHC marks.  Docket No. 1.  Defendant United Healthcare, Inc., a/k/a United Healthcare Medical Devices, Inc. ("MDI") - the only Defendant that maintains a U.S. address - has been served in this case.[2] Docket No. 5.  The Vietnam Defendants have refused to accept service of the Summons and Complaint. Docket No. 17, at 2.  Plaintiff alleges that all of the Defendants "appear to share common, possibly familial, ownership and/or management, are each corporate affiliates and/or partners of the other, and/or are each alter egos of the other."  Docket No. 17, at 6.  *See also* Complaint ¶10.

On March 11, 2014, Plaintiff's counsel and MDI's counsel conversed by telephone.  Docket No. 17, at 6.  Plaintiff's counsel states that in that conversation, MDI's counsel acknowledged that MDI was "related" to the Vietnam Defendants, and that MDI wanted to discuss possible terms of settlement.  *Id.*, at 6-7.  Plaintiff's counsel responded that it was likely that Plaintiff would want all of the Vietnam Defendants to accept service of the Summons and Complaint, before engaging in settlement discussions.  *Id.*, at 6-7. Further, Plaintiff's counsel said that any settlement would have to include the Vietnam Defendants as part of a global settlement.  *Id.*, at 7.  During this conversation, MDI's counsel was asked if he would accept service of the Complaint and Summons on behalf of the Vietnam Defendants.  *Id.*  MDI's counsel declined to accept service.  *Id.*  In subsequent inquiries by Plaintiff's counsel, MDI's counsel continued to decline to accept service on behalf of the Vietnam Defendants.  *Id.*  Plaintiff now moves the Court for alternative service with respect to the Vietnam Defendants.

## II.    DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure governs service of process in civil suits. Fed. R. Civ. P. 4(h)(2) provides that, "[u]nless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation ... must be served ... at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Fed. R. Civ. P. 4(f) provides:

> Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been

---

[2]

Defendant MDI is a Nevada corporation.  Docket No. 1, at 3.

filed - may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

   (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

   (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

   (C) unless prohibited by the foreign country's law, by:

      (i) delivering a copy of the summons and of the complaint to the individual personally; or

      (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

The "other means" referenced in Fed. R. Civ. P. 4(f)(3) must, of course, comport with constitutional notions of due process; namely, they must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

This Court may, pursuant to Fed. R. Civ. P. 4(f)(3), authorize other means of service. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (affirming the propriety of allowing service of process by regular mail and e-mail under Fed. R. Civ. P. 4(f)(3)). As the Ninth Circuit recognized in *Rio*, "service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." 284 F.3d at 1014 (citation omitted).

Courts have relied on Fed. R. Civ. P. 4(f)(3) (and its predecessor, Fed. R. Civ. P. 4(i)(1)(E)) in authorizing alternative methods of service including, *inter alia*, service by fax, e-mail, ordinary mail and publication. *Id.*, at 1016; *Absolute Swine Insemination Co., (H.K.) Ltd. v. Absolute Swine Insemination Co.,*

*LLC*, 2012 WL 3536788, at *3 (D. Nev. Aug. 14, 2012) (ordering service by international mail to defendant's residence in the Philippines); *accord Haffner Int'l Mktg. Group, Inc. v. Sahin*, 2013 WL 5954379, at *2 (D. Nev. Nov. 5, 2013) (holding that service on a foreign defendant was proper because service through the Hague convention was "expensive and protracted" and would result in undue delay).[3]

Moreover, subsection (f)(3) of Fed. R. Civ. P. 4 is an independent basis for service of process and is neither "extraordinary relief" nor a "last resort" to be used only when parties are unable to effectuate service under subsections (f)(1) or (f)(2). *See Rio Properties, Inc.*, 284 F.3d at 1015-16 (a party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief"). "By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)."[4] *Id.*, at 1015, *citing Forum Fin. Group, LLC v. Harvard College*, 199 F.R.D. 22, 23-24 (D. Me. 2001) (permitting service of process upon a defendant located in Russia by sending the summons and complaint by certified mail to the defendant's attorneys at the New York law firm of Skadden, Arps, Slate, Meagher & Flom LLP).

The Court concludes that it is appropriate to order service of process pursuant to Fed. R. Civ. P. 4(f)(3), and that it is constitutionally permissible to authorize Plaintiff to serve the Vietnam Defendants by regular mail and e-mail. *See Rio Properties, Inc.*, 284 F.3d at 1016-1017 ("In proper circumstances, this broad constitutional principle [enunciated in *Mullane*] unshackles the federal courts from anachronistic

---

[3]

*See also*, *e.g.*, *In re Int'l Telemedia Assoc.*, 245 B.R. 713, 719-720 (Bankr. N.D. Ga. 2000) (authorizing service by fax, e-mail, and mail to the defendant's last known address); *New Eng. Merch. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80-81 (S.D.N.Y. 1980) (authorizing service by telex to Iranian defendants); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir.) (approving service by ordinary mail to defendant's last known address), *cert denied*, 442 U.S. 941 (1979); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541 (S.D.N.Y. 1965) (approving service by ordinary mail upon defendant and defendant's attorneys); *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir. 1987) (approving service by publication); *Smith v. Islamic Emirate of Afghanistan*, 2001 WL 1658211, at * 2-3 (S.D.N.Y. Dec. 26, 2001) (authorizing service by publication upon Osama bin Laden and the al-Qaeda organization).

[4]

A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1). As noted above, however, the Hague Convention does not apply in this case because Vietnam is not a signatory.

1   methods of service and permits them entry into the technological renaissance").  Although the Vietnam

2   Defendants have not strictly and formally been served with process to date, these defendants likely have

3   actual knowledge of this lawsuit, as counsel for MDI has acknowledged that the Vietnam Defendants are

4   related to MDI.  Docket No. 17, at 6-7.  In addition, since Vietnam is not a signatory to the Hague

5   Convention regarding service of judicial documents, Plaintiff is fairly limited in the methods that it can

6   utilize to serve the Vietnam Defendants.  Personal service in Vietnam would likely be burdensome and

7   costly, because the Letters Rogatory process is uncertain and often takes a long time - as much as one year -

8   to be completed.  *Id.*, at 9.  Furthermore, the Court is unaware of any international agreement that would

9   prohibit the method of alternative service that Plaintiff requests in its motion.

10   Accordingly, the Court will permit Plaintiff to effectuate service of process pursuant to Fed. R. Civ.

11   P. 4(f)(3) by serving the required service papers and a copy of this order on the Vietnam Defendants, via

12   both (a) e-mail, at all known e-mail addresses for each defendant, and (b) first class, U.S. Mail

13   International, all postage pre-paid, at all known mailing addresses for each defendant.[5]  The Court is

14   satisfied that the methods of service to be utilized - especially when combined with the likelihood that the

15   Vietnam Defendants have actual knowledge of this litigation - satisfy due process requirements, *i.e.* are

16   reasonably calculated, under all the circumstances, to apprise defendants of the action and afford them an

17   opportunity to respond.  *Mullane*, 339 U.S. at 314.

18   **III.    CONCLUSION**

19   Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

20   1.    Plaintiff's Motion for Alternative Service on the Vietnam Defendants pursuant to Fed.

21   R. Civ. P. 4(f)(3) (Docket No. 17) is **GRANTED** pursuant to the terms outlined in this Order.

22   2.    Within seven (7) days of the date of service of this order, Plaintiff shall effectuate

23   service pursuant to Fed. R. Civ. P. 4(f)(3) by having the required service papers and a copy of this Order

24

25   [5]

26   In its motion, Plaintiff identified several e-mail and physical addresses for the Vietnam Defendants using the WHOIS directory.  Docket No. 17, at 10-11; *see also Gordon v. Virtumundo, Inc.*,

27   575 F.3d 1040, 1064 n.22 (9th Cir. 2009) ("WHOIS is a publically available online database through which users can access information regarding domains, including the registrant's name, address, phone

28   number, and e-mail address").

served on the Vietnam Defendants via <u>BOTH</u>:

(a) e-mail, at all known e-mail addresses for each defendant, and

(b) First class, U.S. Mail International, all postage pre-paid, at all known mailing addresses for each defendant.  Plaintiff shall also file a declaration from the process server indicating the date on which both methods of service were accomplished.

3.      Service will be deemed complete within 14 days after the papers to be served by first class, U.S. Mail International are deposited in the mail.

IT IS SO ORDERED.

DATED: July 21, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge