**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITEDHEALTH GROUP, INC.,

Plaintiff,

vs.

UNITED HEALTHCARE, INC. et al.,

Defendants.

2:14-cv-00224-RCJ-NJK

**ORDER**

This is a Lanham Act case. Pending before the Court is an Objection (ECF No. 20) to the magistrate judge's Order (ECF No. 19). For the reasons given herein, the Court denies the Objection.

## I. FACTS AND PROCEDURAL HISTORY

Minnesota corporation UnitedHealth Group, Inc. has sued Nevada corporation United Healthcare, Inc., a.k.a. United Healthcare Medical Devices, Inc. ("MDI") and three Vietnamese entities (collectively, "Vietnamese Defendants"): United Healthcare J.S.C. ("JSC"), United Healthcare Factory ("Factory"), and Xuan Vy Co., Ltd. ("XV") in this Court for trademark infringement, unfair competition, trademark dilution, and cybersquatting under the Lanham Act, as well as for common law trademark infringement and unfair competition. Only MDI has answered. Vietnamese Defendants have not answered or appeared.

On July 21, 2014, the magistrate judge granted Plaintiff's motion to serve the Vietnamese Defendants by email and first class international mail. MDI has objected to the magistrate judge's order.

## II. LEGAL STANDARDS

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a). "Under Rule 72(a), '[a] finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Rafano v. Patchogue-Medford Sch. Dist.*, No. 06-CV-5367 (JFB)(ARL), 2009 WL 789440, at *12 (E.D.N.Y. Mar. 20, 2009) (quoting *Burgie v. Euro Brokers, Inc.*, No. 05 Civ. 0968(CPS)(KAM), 2008 U.S. Dist. LEXIS 71386, at *18 (E.D.N.Y. Sept. 5, 2008) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993))). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

## III. ANALYSIS

MDI argues that the order permitting alternative service was clearly erroneous, because it was based upon erroneous facts presented to the magistrate judge by Plaintiff and recited in the magistrate judge's Order. The Court denies the motion for three reasons.

First, Plaintiff is correct that because MDI's counsel does not represent Vietnamese Defendants, it has no standing to object to the grant of leave to alternative service upon those Defendants. Second, the Court notes MDI's counsel's denial of Plaintiff's counsel's characterizations of the disputed telephone call and what may have been said during the call, but Plaintiff's counsel's characterizations of the conversation between counsel—and the Court takes

no position on the issue—is not relevant to whether alternative service was appropriate as to Vietnamese Defendants. Only the difficulty in serving Vietnamese Defendants is relevant to whether alternative service is appropriate, not any comments allegedly made by MDI's counsel concerning whether MDI is related to Vietnamese Defendants, whether a global settlement would be required, or whether MDI's counsel may have been in contact with Vietnamese Defendants. The magistrate judge's recitations of Plaintiff's allegations in this regard may have been surplusage, but that does not render the conclusion of the Order incorrect, i.e., that alternative service should be permitted. MDI does not appear to dispute Plaintiff's difficulties in serving Vietnamese Defendants. Although the magistrate judge may or may not have improperly credited the alleged acknowledgment that Vietnamese Defendants were related to MDI, the magistrate judge's Order was not in erroneous under Rule 4(f)(3). As the magistrate judge properly noted, under the present circumstances, any method of service a court orders is permissible if constitutional and not prohibited by international agreement. *See* Fed. R. Civ. P. 4(f)(3). There is no basis for setting aside the Order.

**CONCLUSION**

IT IS HEREBY ORDERED that the Objection (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated this 16th day of September, 2014.

ROBERT C. JONES
United States District Judge