# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITEDHEALTH GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED HEALTHCARE, INC. et al., ) <br> ) <br> Defendants. ) | 2:14-cv-00224-RCJ-NJK <br><br> **ORDER** |

This is a Lanham Act case. Pending before the Court is Plaintiff's Motion for Relief from Order (ECF No. 39) and Defendants' Motion to Strike (ECF No. 40).

## I.    FACTS AND PROCEDURAL HISTORY

Minnesota corporation UnitedHealth Group, Inc. has sued Nevada corporation United Healthcare, Inc., a.k.a. United Healthcare Medical Devices, Inc. ("MDI") and three Vietnamese entities (collectively, "Vietnamese Defendants"): United Healthcare J.S.C. ("JSC"), United Healthcare Factory ("Factory"), and Xuan Vy Co., Ltd. ("XV") in this Court for trademark infringement, unfair competition, trademark dilution, and cybersquatting under the Lanham Act, as well as for common law trademark infringement and unfair competition. The Magistrate Judge granted Plaintiff's motion to serve the Vietnamese Defendants by email and first class international mail. MDI objected to the Magistrate Judge's order, but the Court refused to upset it. The Court later granted Vietnamese Defendants' motion to dismiss for lack of personal jurisdiction, noting that Plaintiff had not timely responded. The response was originally due on October 26, 2014. The Court had authored the order on October 28, 2014, but did not enter it

until November 19, 2014. In the meantime, the parties had entered a stipulation for an extension of time, and Plaintiff had responded within the time stipulated. The Court will therefore in fairness reconsider the motion on the merits.

## II.   LEGAL STANDARDS

A defendant may move to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Jurisdiction exists if: (1) provided for by law; and (2) the exercise of jurisdiction comports with due process. *See Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980). When no federal statute governs personal jurisdiction, a federal court applies the law of the forum state. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where a forum state's long-arm statute provides its courts jurisdiction to the fullest extent of the Due Process Clause of the Fourteenth Amendment, such as Nevada's does, *see Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065), a court need only apply federal due process standards, *see Boschetto*, 539 F.3d at 1015.[1]

There are two categories of personal jurisdiction: general jurisdiction and specific

---

[1] Nevada's long-arm rule restricts extra-territorial jurisdiction to the limits of both the U.S. and Nevada Constitutions. *See* Nev. Rev. Stat. § 14.065(1). However, Nevada's due process clause is textually identical to the federal clause in relevant respects, *see* Nev. Const. art. 1, § 8(5), and the Nevada Supreme Court reads the state clause as coextensive with the federal clause, *see, e.g.*, *Wyman v. State*, 217 P.3d 572, 578 (Nev. 2009). Until 1868, when the Fourteenth Amendment was adopted, the Due Process Clause of the Fifth Amendment did not apply to the states. *See Barron v. City of Baltimore*, 32 U.S. 243, 250–51 (1833) (Marshall, C.J.). The Declaration of Rights that comprises Article I of the Nevada Constitution, which was adopted in 1864, was included in order to impose certain restrictions on the State of Nevada that were already imposed against the federal government under the Bill of Rights, and the Nevada Supreme Court has not interpreted the protections of the Declaration of Rights to exceed the scope of their federal counterparts. Michael W. Bowers, *The Sagebrush State* 43–44 (3rd ed., Univ. Nev. Press 2006); Michael W. Bowers, *The Nevada State Constitution* 24 (1993). During the Nevada Constitutional Convention in 1864, the Due Process Clause of Article I was not debated, although several other provisions of Article I, and even Section 8, were heavily debated. *See generally* Andrew J. Marsh, Official Report of the Debates and Proceedings of the Constitutional Convention of the State of Nevada (Frank Eastman pr., 1866), *available at* http://books.google.com.

jurisdiction. Traditionally, general jurisdiction exists over a defendant who has "substantial" or "continuous and systematic" contacts with the forum state such that the assertion of personal jurisdiction over her is constitutionally fair even where the claims are unrelated to those contacts. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)). A state court has general jurisdiction over the state's own residents, for example. The Supreme Court recently clarified, however, that general jurisdiction exists only where a company is at "home" in the forum state. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760–62 (2014). The Court noted that "continuous and systematic" contacts alone are not enough in-and-of-themselves to create general jurisdiction. *See id.* The quoted phrase was in fact first used in the context of *specific* jurisdiction as conjunctive with the "arises-out-of" requirement. *See id.* at 761 (citing *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). "Accordingly, the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" *Id.* (quoting *Goodyear Dunlop Tires Operations S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (alteration in original). So the company must be at "home" in the forum state for there to be general jurisdiction. Where this is not the case, a plaintiff must rely on specific jurisdiction.

Specific jurisdiction exists when there are sufficient minimal contacts with the forum state such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken*, 311 U.S. at 463). The standard has been restated using different verbiage. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of

the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (citing *Int'l Shoe Co.*, 326 U.S. at 319)); *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." (citing *Kulko v. Superior Court of Cal.*, 436 U.S. 84, 97–98 (1978))). From these cases and others, the Ninth Circuit has developed a three-part test for specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto*, 539 F.3d at 1016 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

> The plaintiff bears the burden on the first two prongs. If the plaintiff establishes both prongs one and two, the defendant must come forward with a "compelling case" that the exercise of jurisdiction would not be reasonable. But if the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed.

*Id.* (citations omitted). The "purposeful direction" option of the first prong uses the "*Calder*-effects" test, under which "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir.2006) (en banc)). The third prong is a seven-factor balancing test,

under which a court considers:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Menken v. Emm*, 503 F.3d 1050, 1060 (9th Cir. 2007) (quoting *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 107, 1112 (9th Cir. 2004)).

## III.   ANALYSIS

First, Defendants have asked the Court to strike the exhibits Plaintiff filed on December 1, 2014 (twenty-five days after the stipulated extension to respond had expired, and after Defendants had filed their reply) either as fugitive documents (because they pertain to a motion already determined) or as an improper sur-reply. The Court will not strike the documents as fugitive. Because the Court will reconsider the motion to dismiss on the merits, the exhibits pertaining thereto are no longer fugitive. However, the exhibits do constitute an improper sur-reply. The Court will therefore strike them.

Second, the Court will consider the motion to dismiss on the merits as it stood submitted when Defendants filed their reply. Vietnamese Defendants argue that they have no connections to Nevada. The Court rejects Plaintiff's argument that there is general jurisdiction over Vietnamese Defendants because MDI, a Nevada corporation, is their alter ego. Vietnamese Defendants are separate entities based in Vietnam. There is no general jurisdiction over them, because they are not "at home" in Nevada. Assuming for the sake of argument that MDI were an alter ego of one or more Vietnamese Defendants, that would not give the State of Nevada general jurisdiction over them simply because there is general jurisdiction over MDI. Rather, it would only tend to support specific jurisdiction. In any case, there is no appearance of alter ego liability here. There is no allegation that Vietnamese Defendants have ignored their corporate forms in

1  Vietnam in such a way that only alter ego liability in the present case can cure the iniquity.

2  Discounting the allegations relating only to MDI—which is the vast majority of the allegations in

3  the Complaint—Plaintiff has alleged that Nguyen Tan Trung, as an agent of JSC, registered the

4  domain name <www.uhcjsc.com>, which contains Plaintiff's mark "UHC." (Compl. ¶¶ 24, ECF

5  No. 1). But "UHC" is not listed as a trademark in the exhibits attached to the Complaint. Only

6  "UNITEDHEALTHCARE," as well as a stylized version of that mark. Exhibit C lists several

7  related marks and applications for marks, but the acronym "UHC" is nowhere listed therein as

8  having been registered as a mark or even applied for. The allegation that JSC used Plaintiff's

9  mark simply by registering the aforementioned domain name is therefore not plausible. Plaintiff

10 also alleges that JSC is poised to build a factory in Vietnam, that a sign outside the site refers to

11 it in English as "United Healthcare Factory," and that JSC has developed and used a logo with

12 the caption "United Healthcare J.S.C." outside its office in Vietnam. (*Id.* ¶ 36). The Court finds

13 that the allegations against JSC and Factory are insufficient to indicate any purposeful direction

14 to the State of Nevada or the United States generally. And there are no allegations indicating

15 purposeful direction by XV. In fact, there are no allegations against XV concerning

16 infringement. The only allegations against XV are those identifying it as an entity and describing

17 its relationship to other entities. The vast majority of the allegations concern MDI's actions in

18 Nevada.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Relief from Order (ECF No. 39) is DENIED.

IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 40) is GRANTED, and the documents filed at ECF No. 38 are STRICKEN.

IT IS SO ORDERED.

Dated this 30th day of December, 2014.

_____
ROBERT C. JONES
United States District Judge